UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22909-CIV-WILLIAMS/MCALILEY

PBR SALES, LLC,

    Plaintiff,

vs.

PEZCO INTERNATIONAL, LLC and
JUAN M. SANCHEZ,

    Defendants.
_____/

**REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS
AND APPLICATION FOR PRELIMINARY INJUNCTION**

Defendants Pezco International LLC ("Pezco") and Juan M. Sanchez ("Sanchez") have each filed a Motion to Dismiss that challenges most claims set forth in the Complaint. (ECF Nos. 12, 13).[1] Plaintiff, within its Complaint, also included an Application for Preliminary Injunction. (ECF Nos. 1, 27). The Honorable Kathleen M. Williams referred the motions to dismiss and motion for preliminary injunction to me for a report and recommendation. (ECF No. 15). The Motions are fully briefed. (ECF Nos. 14, 16). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the

---

[1] Neither Defendant seeks to dismiss Count I (breach of contract) or Count III (Promissory Estoppel).

applicable law, for the reasons I explain below, I recommend that the Court grant the Motions to Dismiss and deny the Application for Preliminary Injunction.

## I. BACKGROUND

Plaintiff is in the business of purchasing and selling oil and gas related products. (ECF No. 1 at ¶ 6).[2] Plaintiff entered into an agreement with Pezco to purchase 265,000 gallons of Gasoil D2 to be delivered "via refinery in Curaçao to a vessel named Triton Freedom IMO 7366893." (*Id.*). Plaintiff alleges that "prior [to] the execution of the purchase agreement" between the parties (*Id.* at ¶ 28) Pezco, acting through Defendant Sanchez, "falsely represented to PBR that it could source and provide 'fuel' and load same on a vessel in a refinery in Curaçao" for an agreed upon price. (*Id.* at ¶ 27). It appears that the fuel was to be delivered to Plaintiff's customer. (*Id.* at ¶¶ 7, 20) (alleging that "the customer hired a port agent" and summarizing a text from Plaintiff informing Pezco that "the Port agent …advis[ed] PBR's customer that no cargo is available, nor have any instructions been given to load the customer's vessel, 'Triton Freedom'.").

The Triton Freedom arrived in Curaçao on July 3, 2021, and Plaintiff thereafter wired two payments to PBR pursuant to Sanchez's instructions. (*Id.* at ¶¶ 7-8). On July 12, 2021 and July 14, 2021, Plaintiff wired $145,000 and $165,400, respectively, to Pezco's account at Chase Bank. (*Id.* at ¶ 8). Plaintiff then contacted Pezco to obtain loading instructions but received no response. (*Id.* at ¶ 9).

Over the next few days, Plaintiff learned from the refinery in Curaçao that Pezco

---

[2] The following allegations are taken as true for purposes of deciding Defendants' Motions to Dismiss.

2

was not registered with the refinery. (*Id*. at ¶¶ 11, 13). Plaintiff confronted Sanchez with this information, which Sanchez denied and asserted that Pezco was, in fact, registered with the refinery and had sent a $27,000 registration fee to "the refiners [sic] lawyers." (*Id*. at ¶¶ 11; *see also* 13). Plaintiff repeatedly asked Pezco for documentary proof to support its assertions, but Pezco did not comply. (*Id*. at ¶¶ 11-15). Plaintiff also learned that no fuel order had been placed on its behalf with either the port agent or the refinery. (*Id*. at ¶¶ 16, 20). Between mid-July to early August 2021, Plaintiff demanded on multiple occasions that Pezco return Plaintiff's funds and explain where Pezco sent its money. (*Id*. at ¶¶ 10, 15, 20). Pezco returned $80,000 to Plaintiff, but did not return the balance, nor did Pezco provide any information regarding the location of Plaintiff's money, instead assuring Plaintiff that the fuel will be loaded on the vessel in the coming days. (*Id*. at ¶¶ 15, 20, 40). As part of those assurances, Pezco sent Plaintiff a photo falsely showing the Triton Freedom still moored at the port in Curaçao waiting to be loaded when, in fact, the vessel had left the port days earlier. (*Id*. at ¶¶ 18, 20).

Plaintiff filed this action asserting the following causes of action: breach of contract, fraud in the inducement, an alternative claim for promissory estoppel, conversion,[3] "pierce the corporate veil," and civil theft. (ECF No. 1 at 8-12). As an initial matter, piercing the corporate veil is a theory of liability, not a recognized cause of action. *Peacock v. Thomas*, 516 U.S. 349, 354 (1996) ("Piercing the corporate veil is not itself an independent [ ] cause of action, but rather is a means of imposing liability on an underlying cause of action.").

---

[3] Plaintiff mistakenly labels both its promissory estoppel and conversion claims as "Count III." (ECF No. 1 at 10).

Accordingly, I recommend that the Court dismiss Count IV titled "pierce the corporate veil" with prejudice because it is not a substantive claim.

Another defect in the Complaint is that each count fails to identify the defendant(s) that claim is brought against. This renders the Complaint a shotgun pleading.[4] The Eleventh Circuit Court of Appeals has recognized four types of shotgun pleadings, one of which is "a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants is responsible for which acts or omissions, or which of the defendants the claim is brought against." *Tran v. City of Holmes Beach*, 817 Fed. App'x 911, 913 (11th Cir. 2020) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)). This alone justifies dismissal of the Complaint. The Court nonetheless proceeds to the merits of the Motions to Dismiss.

I note also that Plaintiff included in its Complaint an "Application for Preliminary Injunction." (ECF No. 1 at 1, 15-17). A complaint is not the proper vehicle to present legal argument, and the Court would have expected counsel to file a separate motion for preliminary injunction with a supporting memorandum of law. However, as another division of this Court recently recognized, "[w]hile it is common practice for plaintiffs to file their complaint, and then subsequently, file a separate motion for a preliminary injunction, no part of Federal Rule of Civil Procedure 65 requires a separate filing." *ATP*

---

[4] This is one of many indicators of a lack of care and attention given to drafting the Complaint. The Complaint also has many typographical errors and legal errors that bespeak of a lack of legal research, and is organized in a haphazard fashion, which makes it difficult to understand the basis of Plaintiff's various claims. The Court expects that Plaintiff's counsel will, going forward, give careful attention to all pleadings and legal memoranda he files with the Court.

*Science Proprietary, Ltd. v. Bacarella*, No. 20-cv-60827, 2020 WL 3868701, at *3 (S.D. Fla. July 9, 2020).

I note that Defendants, in their Motions to Dismiss, address Plaintiff's application for a preliminary injunction. It is thus clear that Defendants received notice and an opportunity to oppose Plaintiff's request for injunctive relief, as is required by Rule 65. *See* Fed. R. Civ. P. 65(a) ("The court may issue a preliminary injunction only on notice to an adverse party."). In this instance, the Court has a sufficient record to evaluate the Application. I therefore turn to the merits of Defendant's Motions to Dismiss and Plaintiff's Application for a Preliminary Injunction.

## II.   ANALYSIS

### A.   Motion to Dismiss

Federal Rule of Civil Procedure Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a plaintiff must plead facts that make out a claim that is plausible on its face and raises the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 510 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's factual allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). The court must also draw "all

reasonable inferences" in favor of the plaintiff, *St. George v. Pinellas Cty*, 285 F.3d 1334, 1337 (11th Cir. 2002), and must limit its consideration to the four corners of the complaint and the exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

Both Defendants ask the Court to dismiss Plaintiff's claims for fraud in the inducement and civil theft, and Pezco also moves to dismiss Plaintiff's claim for conversion.[5] (ECF No. 12 at 2-3). I address each claim below.

1. Fraud in the Inducement

Rule 9 of the Federal Rules of Civil Procedure provides that a party alleging fraud "must state with particularity the circumstances constituting fraud…." Fed. R. Civ. P. 9(b). The Eleventh Circuit has explained that "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations … (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (citation and quotation marks omitted).

---

[5] Defendants are represented by the same counsel, and it was unnecessary for counsel to file two separate Motions to Dismiss that are largely duplicative of one another. The Motions are written more like an outline, rather than a memorandum of law with reasoned argument. This made needless extra work for the Court. Going forward, the Court expects Defendants to file joint motions – to the extent both Defendants seek the same relief from the Court, and they present common arguments. A joint motion can identify any arguments that are presented by one Defendant only.

reasonable inferences" in favor of the plaintiff, *St. George v. Pinellas Cty*, 285 F.3d 1334, 1337 (11th Cir. 2002), and must limit its consideration to the four corners of the complaint and the exhibits attached thereto. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).

Both Defendants ask the Court to dismiss Plaintiff's claims for fraud in the inducement and civil theft, and Pezco also moves to dismiss Plaintiff's claim for conversion.[5] (ECF No. 12 at 2-3). I address each claim below.

1. Fraud in the Inducement

Rule 9 of the Federal Rules of Civil Procedure provides that a party alleging fraud "must state with particularity the circumstances constituting fraud…." Fed. R. Civ. P. 9(b). The Eleventh Circuit has explained that "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations … (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972 (11th Cir. 2007) (citation and quotation marks omitted).

---

[5] Defendants are represented by the same counsel, and it was unnecessary for counsel to file two separate Motions to Dismiss that are largely duplicative of one another. The Motions are written more like an outline, rather than a memorandum of law with reasoned argument. This made needless extra work for the Court. Going forward, the Court expects Defendants to file joint motions – to the extent both Defendants seek the same relief from the Court, and they present common arguments. A joint motion can identify any arguments that are presented by one Defendant only.

Here, Plaintiff alleges that Sanchez, acting on behalf of Pezco, "orally and in writing in [sic] prior to the execution of the purchase agreement between PBR and Pezco" falsely represented to PBR "that [Pezco] could source and provide 'fuel' and load same on a vessel in a refinery in Curaçao for this price at this time frame for this price [sic]."[6] (ECF No. 1 at ¶ 27-28). This allegation does not meet the heightened pleading standard applicable to fraud claims because it is comprised of generalities and omits key information. Plaintiff does not identify the "time frame", or "this price" that Sanchez allegedly mispresented, which vessel and refinery Sanchez referred to in his alleged misrepresentation, or the time and place of the misrepresentation.

In its Response, Plaintiff asserts that the "charted false statements by the Pezco Defendants makes clear that Plaintiff met the pleading requirements." (ECF No. 14 at 4). The only "chart" in the Complaint is a table at paragraph 20 that lists the date, and summaries of content of emails and text communications. Those communications, however, identify statements from Pezco that begin on July 15, 2021, *after* the parties entered into the alleged agreement and *after* Plaintiff wired payment to Pezco. (ECF No. 1 at ¶¶ 8, 20). Those statements, therefore, cannot support Plaintiff's fraudulent *inducement* claim.

The alleged misrepresentation, that Pezco "could source and provide 'fuel' and load same on a vessel in a refinery in Curaçao", is also insufficient to support a fraudulent

---

[6] Throughout its claim for fraudulent inducement, Plaintiff refers to "those representations," but does not specify any other statements that Sanchez, or anyone else acting on behalf of Pezco, allegedly made before the parties entered into their contract.

inducement claim because it constitutes promises of future actions or predictions. "An action for fraud generally may not be predicated on statements of opinion or promises of future action, but rather must be based on a statement concerning a past or existing fact." *Mejia v. Jurich*, 781 So.2d 1175, 1177 (Fla. 3d DCA 2001) (citation omitted).[7] Plaintiff argues that the misrepresentation relates to existing facts because "the Pezco Defendants made false statements of its present ability of being registered with a refinery creating an ability to perform (or source) PBR's requested product." (ECF No. 14 at 9). The fraudulent inducement claim does not allege these false statements (*see* ECF No. 1 at Count II), nor does the Complaint allege that Pezco made these misrepresentations before the parties entered into their contract. The Court must evaluate the Complaint as written and it alleges that *after* formation of the parties' contract, and *after* Plaintiff wired its funds to Pezco, Pezco told Plaintiff that it was registered with the (unidentified) refinery. (*Id*. at ¶¶ 10-11).

For these reasons, I recommend that the Court dismiss, without prejudice, Plaintiff's claim for fraudulent inducement.

   2. Civil Theft

Plaintiff alleges that Defendants committed civil theft in violation of Florida

---

[7] The Court recognizes that there is an exception to this rule where "the plaintiff can demonstrate that the person promising future action does so with no intention of performing or with a positive intention not to perform…." *Mejia*, 781 So.2d at 1177. Although Plaintiff does not argue in its Response that this exception applies, (ECF No. 14, *generally*), the Court notes that in its fraudulent inducement claim, Plaintiff alleges that "[a]lternatively, Mr. Sanchez' statements to PBR, particularly those that preceded PBR's initial wiring of money, can be construed as promises that Mr. Sanchez never intended to fulfill." (ECF No. 1 at ¶ 29). This conclusory and vague allegation is insufficient to invoke the exception. If, in an amended complaint, Plaintiff intends to rely on the foregoing exception, it must clearly set forth factual allegations that plausibly establish that the exception applies.

Statutes § 772.11 because Pezco, acting through Sanchez, "intended to deprive PBR of the wired proceeds and use the proceeds for their own purposes." (ECF No. 1 at ¶¶ 37). Defendants argue that this claim is barred because Plaintiff has also brought a claim for breach of contract. Defendants are correct that "[u]nder Florida law, a statutory claim for civil theft is barred where the parties are in a contractual relationship and the alleged wrongdoing is not independent of the alleged breach of contract." *Le v. Nationstar Mortgage, LLC*, No. 3:14-cv-785, 2015 WL 12851914, at *6 (M.D. Fla. Jan. 13, 2015) (citation omitted).

Plaintiff responds that it is entitled to plead its civil theft claim in the alternative. (ECF No. 14 at 7). The Complaint does not expressly state that the civil theft claim is brought in the alternative. (*See* ECF No. 1 at ¶ 37). While the Court expects a plaintiff to identify claims that can only be brought in the alternative as such, here the Court may construe this to be so in light of the dictates of Rule 8. *See* Fed. R. Civ. P. 8(d)(2), (3) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones…A party may state as many separate claims or defenses as it has, regardless of consistency."). Accordingly, at this stage of the proceeding, Plaintiff is entitled to maintain its alternative civil theft claim even though it also asserts a breach of contract claim.

To state a claim for civil theft under Florida law, a plaintiff must allege that the defendant (1) knowingly obtained or used, or endeavored to obtain or use, the plaintiff's property with (2) "felonious intent" (3) to either temporarily or permanently (4) deprive plaintiff of its right to or a benefit from the property, or appropriate the property to the

9

defendant's own use or to the use of a person not entitled to the property. *United Technology Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (citing Fla. Stat. §§ 772.11, 812.014(1)). In its Response, Plaintiff makes no attempt to show that it sufficiently pled the elements of civil theft. A careful review of Plaintiff's civil theft claim confirms that Plaintiff has failed to allege several of these elements, as well as facts that would establish them.

Defendants also argue that dismissal is warranted because Plaintiff failed to allege compliance with the pre-suit notice requirement set forth in Florida's civil theft statute. (ECF No. 12 at 7).  There is no indication in the record that Plaintiff did, in fact, provide Defendants with pre-suit notice.

Florida Statute section 772.11 provides that

> [b]efore filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand.

Fla. Stat. § 772.11(1). "[C]ourts typically do not dismiss civil theft claims based solely on a party's failure to prove a pre-suit written demand, unless the statute of limitations expires before a proper demand is made." *Bayuk v. Prisiajniouk*, No. 8:18-cv-163, 2018 WL 7825203, at *3 (M.D. Fla. Nov. 27, 2018); *see also Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F.Supp.2d 1353, 1374 (S.D. Fla. 2011) (noting that "the Southern District of Florida has been lenient in its application of th[e] [pre-suit notice] rule."). However here, the absence of pre-suit notice is not the sole grounds for dismissal. Dismissal is required

because Plaintiff has not sufficiently alleged the elements of a civil theft claim. That being so, the absence of pre-suit notice provides further grounds for dismissal. *See e.g., Oginsky*, 784 F.Supp.2d at 1374 (dismissing civil theft claims "without prejudice to re-plead after complying with the statute."). If Plaintiff chooses to amend this claim, it must cure its noncompliance with the pre-suit notice requirement set forth in Section 772.11.

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's civil theft claim without prejudice.

3. Conversion

Plaintiff has brought a claim for conversion, alleging that it delivered "money to Pezco for safekeeping and with the intent that it be kept segregated and used solely for the purpose of purchasing 265,000 gallons of Gasoil D2", but Pezco "refuses or is unwilling to relinquish control over [the money]" despite Plaintiff's demand for its return, thereby "wrongfully and unlawfully exercising control over the money…." (ECF No. 1 at ¶ 34). To establish a conversion claim involving money, "there must be an obligation to keep intact or deliver the specific money in question, so that the money can be identified." *Gasparini v. Pordomingo*, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008) (citation omitted). Plaintiff has not alleged any facts to show that Pezco had an obligation to keep Plaintiff's wired proceeds intact, or to deliver those specific funds.

Florida courts recognize that "[m]oney is capable of identification where it is delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where wrongful possession of such property is obtained." *Belford Trucking, Co., Inc., v. Zagar*, 243 So.2d

...

646, 648 (Fla. 4th DCA 1970). The Complaint does not allege, or support with any factual allegations that, beyond the dollar amount, the funds Plaintiff paid Defendant was capable of such specific identification.

Although Plaintiff does not incorporate any of its general allegations in its conversion claim, even if the Court considers those allegations, the result is the same: Plaintiff has not alleged specifically identifiable funds capable of conversion. Plaintiff made two separate payments to Pezco on two different dates, both of which were wired to an unidentified account. Even though Plaintiff wired specific amounts, that does not make those funds identifiable. *Florida Desk, Inc. v. Mitchell International, Inc.*, 817 So.2d 1059, 1061 (Fla. 5th DCA 2002) ("The fact that the amount is certain does not make an 'identifiable fund'. It is necessary to show that the same monies paid to [defendant] were to be held by [defendant] for the benefit of [plaintiff]."). The Complaint also lacks factual allegations showing that Plaintiff wired its funds to a segregated account from which Pezco was required to forward Plaintiff's specific funds to a third party, or to hold them for Plaintiff's benefit. And, Plaintiff's allegation that it intended Pezco to safeguard and segregate its funds, (ECF No. 1 at ¶ 34), is insufficient because Plaintiff's alleged intent does not create a duty on the part of Pezco.

For these reasons, I recommend that Plaintiff's conversion claim be dismissed without prejudice.

### B.     Preliminary Injunction

Plaintiff seeks a preliminary injunction "on each and every bank account the wired funds were received into and were then dispersed." (ECF No. 1 at 2). More specifically,

Plaintiff requests that the Court preliminary enjoin Defendants from "further dissipating, withdrawing or using any amount up to $310,400 of the wired funds in any account in which the proceeds were deposited and/or later withdrawn and re-deposited."[8] (*Id*. at 18). "[A] preliminary injunction is an extraordinary remedy which should be granted sparingly…." *Independence Community Bank v. Wortley*, No. 05-80681-Civ, 2005 WL 8157029, at *4 (S.D. Fla. Nov. 10, 2005) (citation omitted). To obtain a preliminary injunction, Plaintiff must demonstrate "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F. 3d 1301, 1306 (11th Cir. 1998). Plaintiff bears the burden of persuasion to establish all four elements. *Id*. at 1306.

Plaintiff has not established irreparable injury, and the Court therefore need not analyze the remaining elements for a preliminary injunction. Plaintiff argues that it will suffer irreparable harm because "Pezco is likely without resources to satisfy any judgment this Court may later enter."[9] (ECF No. 1 at 16). There are at least two problems with

---

[8] Plaintiff also asks the Court to preliminary enjoin Defendants from "destroying, altering, concealing or manipulating any documents relating to the purchase of 265,000 gallons of Gasoil D2 by PBR." (*Id*. at 18). Plaintiff states no fact that suggest Defendants have or are likely to engage in such conduct. This is properly the subject of a litigation hold letter and, if Defendants violate their obligation to preserve evidence, Plaintiff may seek appropriate remedies for spoliation of evidence. A preliminary injunction is an extraordinary remedy, and there is nothing in the record at this time to justify such relief.

[9] Plaintiff also asserts that it will suffer irreparable harm from "the diminution in PBR's goodwill and the harm to the distinctiveness PBR providing products to its clients [sic]." (ECF No. 1 at 16).

13

Plaintiff's argument. First, "[t]emporary deprivation of money, in and of itself, cannot constitute irreparable harm…." *Jarro v. United States*, 835 F. Supp. 625, 630 (S.D. Fla. 1992). Courts reason that "[i]f temporary deprivation of money, in and of itself, could constitute irreparable harm, every claim for compensatory damages could establish irreparable harm." *Id*.

Second, the possibility that Defendants may not have funds available to later satisfy a judgment does not amount to irreparable harm. Whether or not an adequate remedy at law exists depends upon "whether a judgment can be obtained, not whether, once obtained, it will be collectible." *Independence Community Bank*, 2005 WL 8157029 at *4 (citation omitted). Indeed, "[e]ven where the party seeking [preliminary] injunctive relief alleges that the opposing party may dissipate bank assets, a judgment for money damages is adequate and injunctive relief is improper, notwithstanding the possibility that a money judgement will be uncollectible." *Id*. (citation omitted); *see also Charter School Capital, Inc. v. N.E.W. Generation Preparatory High School of Performing Arts, Inc.*, No. 15-CIV-60966, at *3 (S.D. Fla. June 3, 2015) ("Generally, it is settled Florida law that injunctive relief may not be used to enforce money damages, or to prevent a party from disposing of assets until an action at law for an alleged debt can be concluded.") (quotation marks omitted) (collecting cases).

For these reasons, Plaintiff has not met its burden to demonstrate irreparable injury. I therefore recommend that the Court deny Plaintiff's Application for a Preliminary

---

Plaintiff provides no supporting evidence, explanation, or legal analysis and, thus, the Court declines to consider this argument.

Injunction.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Defendants' Motions to Dismiss, (ECF Nos. 12, 13), and dismiss with prejudice Plaintiff's claim for piercing the corporate veil and dismiss without prejudice Plaintiff's claims for (i) fraud in the inducement, (ii) conversion, and (iii) civil theft, and provide Plaintiff leave to amend those claims. I **FURTHER RECOMMEND** that the Court **DENY** Plaintiff's Application for a Preliminary Injunction, (ECF Nos. 1, 27).

### IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 1st day of March 2022.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record